# **EXHIBIT 1**

Letter from OSMRE to Oklahoma Energy and Environment
April 2, 2021

 

# United States Department of the Interior

OFFICE OF SURFACE MINING
RECLAMATION AND ENFORCEMENT
Washington, D.C. 20240

April 2, 2021

Kenneth E. Wagner, Secretary
Oklahoma Energy and Environment
204 N. Robinson, Suite 1010
Oklahoma City, OK

Dear Secretary Wagner:

The Office of Surface Mining Reclamation and Enforcement (OSMRE) is contacting you regarding Oklahoma's administration of the Oklahoma permanent regulatory program following the United States Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). The *McGirt* decision recognized the ongoing existence of the historic Muscogee (Creek) Nation Reservation in Oklahoma. Before this ruling, it had been the position of the Federal government that the Muscogee (Creek) Nation Reservation had been disestablished. In *McGirt*, the Supreme Court rejected arguments by the United States and the State of Oklahoma that prior congressional action had disestablished the Muscogee (Creek) Nation Reservation. Further, the Court found that the historic Muscogee (Creek) Nation lands are an on-going reservation within the definition of "Indian country" under the Major Crimes Act, 18 U.S.C. § 1151(a). The Muscogee (Creek) Nation Reservation encompasses lands in the following counties: Creek, Hughes, Mayes, McIntosh, Muskogee, Okfuskee, Okmulgee, Rogers, Seminole, Tulsa, and Wagoner.

The Surface Mining Control and Reclamation Act of 1977 (SMCRA) allows a State to achieve the primary responsibility (i.e., "primacy") for the regulation of surface coal mining and reclamation operations on non-Federal, non-Indian lands within its boundaries. A State may achieve primacy when it submits and receives approval of its permanent regulatory program from OSMRE. 30 U.S.C. § 1253. The State of Oklahoma received conditional approval of its regulatory program on January 19, 1981, and full approval of the program on January 14, 1986. A State with primacy may also enter into a cooperative agreement with OSMRE to regulate Federal lands within its boundaries. 30 U.S.C. § 1273. However, a cooperative agreement does not grant a State regulatory authority over Indian lands within its boundaries. SMCRA designates OSMRE as the regulatory authority over surface coal mining and reclamation operations on Indian lands where a tribe has not obtained primacy. 30 U.S.C. § 1300. SMCRA defines "Indian lands" as: "[A]ll lands, including mineral interests, *within the exterior boundaries of any Federal Indian reservation*, notwithstanding the issuance of any patent, and including rights-of-way, *and* all lands including mineral interests held in trust for or supervised by an Indian tribe." 30 U.S.C. § 1291(9) (emphasis added).

Following *McGirt*, which addresses the status of the Muscogee (Creek) Nation Reservation only, OSMRE evaluated Oklahoma's implementation of its approved Oklahoma regulatory program to

identify any inconsistency with the Supreme Court's decision. OSMRE has determined that Oklahoma is exercising its State program regulatory authority over surface coal mining and reclamation operations on lands that are within the exterior boundaries of the Muscogee (Creek) Nation Reservation. OSMRE's conclusion is consistent with the *McGirt* decision, which recognizes the ongoing existence of the historic Muscogee (Creek) Nation Reservation, and OSMRE's obligations with respect to "Indian lands" under SMCRA. Both OSMRE and the Secretary of the Interior lack the authority to confer on the State of Oklahoma jurisdiction over lands within the exterior boundaries of the Muscogee (Creek) Nation Reservation. Thus, the State of Oklahoma may no longer administer a SMCRA regulatory program on lands within the exterior boundaries of the Muscogee (Creek) Nation Reservation.

For lands within the exterior boundaries of the Muscogee (Creek) Nation Reservation, OSMRE is now the SMCRA Title V regulatory authority. However, we recognize that an orderly transition is necessary to maintain regulatory continuity. Thus, we request that the Oklahoma Department of Mines (ODM) coordinate with Regional Director Al Clayborne and Tulsa Field Office Director Joe Maki to transfer all SMCRA regulatory authority responsibilities within the exterior boundaries of the Muscogee (Creek) Nation Reservation to OSMRE on or around 30 days of your receipt of this letter. This coordination should include, *inter alia*, development of a process for transferring all ODM records, documents, data, and other information associated with the regulation of activities under SMCRA within the exterior boundaries of the Muscogee (Creek) Nation Reservation.

At present and to the extent permitted by law, ODM should maintain its routine administrative, inspection, and enforcement responsibilities, except that ODM should not undertake any action with irreversible or irreparable adverse consequences for OSMRE's abilities to administer SMCRA within the boundaries of the Muscogee (Creek) Nation Reservation, including by approving permitting actions or releasing bonds or other obligations under SMCRA with respect to lands within the boundaries of the Muscogee (Creek) Nation Reservation. Such actions may constitute a violation of SMCRA, its implementing regulations, and other applicable law.

Mr. Maki will be in contact with ODM Director Mary Ann Pritchard to coordinate the transition process, to secure related records, and to execute other necessary requirements during the 30-day transition period.

If you have questions, please contact Regional Director Al Clayborne at aclayborne@osmre.gov.

Sincerely,

Glenda H. Owens
Deputy Director

cc: Alfred Clayborne, OSMRE – Regional Director
Joseph Maki, OSMRE – Tulsa Field Office Director
Mary Ann Pritchard, ODM – Director