IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, <br><br> Defendants. | Case No. CIV-21-0719-F |

**FEDERAL DEFENDANTS' MOTION TO CONSOLIDATE RELATED CASES AND BRIEF IN SUPPORT**

Federal Defendants hereby move to consolidate two related cases: *Oklahoma v. U.S. Department of the Interior*, No. Civ-21-0719-F (W.D. Okla. filed July 16, 2021) ("*Oklahoma I*"), and *Oklahoma v. U.S. Department of the Interior*, No. Civ-21-0805-F (W.D. Okla. filed Aug. 16, 2021) ("*Oklahoma II*"). Both cases involve the same parties—the State of Oklahoma and the federal government—and the same issue—whether the federal government has jurisdiction under the Surface Mining Control and Reclamation Act of 1977 ("SMCRA") and federal implementing regulations over surface mining within the Muscogee (Creek) Nation, Choctaw Nation of Oklahoma, and Cherokee Nation Reservations after the Supreme Court and the Oklahoma Court of Criminal Appeals recognized the continued existence of those reservations. Because consolidation is in the interests of judicial efficiency and economy and will avoid

1

duplicative briefing, Federal Defendants respectfully move the Court to consolidate the two cases. Federal Defendants have conferred with counsel for Plaintiffs but the parties were unable to reach agreement on the resolution of this motion.

Under Federal Rule of Civil Procedure 42(a), actions may be consolidated when they involve "a common question of law or fact." Fed. R. Civ. P. 42(a). "Where the subject matter of the claims made in separate actions arise out of the same transaction and involve common issues of law and fact, the actions have been consolidated where the rights of the parties will be adequately protected." *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982) (citing 5 Moore's Federal Practice, P 42.02(3) (2d ed. 1982)). "Consolidation of cases is permitted as a matter of convenience and economy" for the parties and the Court. *Id.* "If a common question exists in separate cases for which consolidation is sought, the district court should 'weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice [that] consolidation might cause.'" *Seay v. Okla. Bd. of Dentistry*, No. CIV-20-915-D, 2021 WL 1341361, at *1 (W.D. Okla. Apr. 9, 2021) (citation omitted). "The party seeking consolidation has the burden to show the benefits of consolidation or the risk of injury to the moving party if the actions are not consolidated." *Wedel Grp. XVIII, LLC v. Employers Mut. Cas. Co.*, No. CIV-11-1113-F, 2011 WL 13116080, at *1 (W.D. Okla. Dec. 16, 2011). "The decision to consolidate cases 'which appear to be of like nature and concern themselves with the same or similar questions rests within the sound discretion of the trial court.'" *Id.* (quoting *Skirvin v. Mesta*, 141 F.2d 668, 672-73 (10th Cir. 1944)).

Consolidation is appropriate here because the two cases involve the same parties, the same underlying legal issues, substantially overlapping facts, and nearly identical claims. In *Oklahoma I*, the State of Oklahoma challenges the Office of Surface Mining Reclamation and Enforcement's ("OSMRE") jurisdiction over surface mining within the Muscogee (Creek) Nation Reservation. *Oklahoma II* raises the same claims as to OSMRE's jurisdiction over surface mining within the Choctaw Nation of Oklahoma and Cherokee Nation Reservations.

Both cases arise out of the Supreme Court's recent decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). There, the Court held that the Muscogee (Creek) Nation Reservation had never been disestablished by Congress and therefore constituted "Indian country" under the Major Crimes Act. In two subsequent decisions, the Oklahoma Court of Criminal Appeals applied the reasoning of *McGirt* to the Choctaw Nation of Oklahoma and Cherokee Nation Reservations and held that those reservations were also never disestablished. *Sizemore v. State*, 485 P.3d 867, 870-71 (Okla. Crim. App. 2021); *Hogner v. State*, No. F-2018-138, 2021 WL 958412, at *6 (Okla. Crim. App. Mar. 11, 2021). In response to *McGirt* and the subsequent state court decisions, OSMRE recognized that the lands within the exterior boundaries of the Muscogee (Creek) Nation, Choctaw Nation of Oklahoma, and Cherokee Nation Reservations constitute "Indian lands" under SMCRA.[1] *See Oklahoma I*, Compl., Ex. 1; *Oklahoma II*, Compl., Ex. 1.

---

[1] SMCRA defines "Indian lands" as "all lands, including mineral interests, within the exterior boundaries of any Federal Indian reservation, notwithstanding the issuance of any patent, and including rights-of-way, and all lands including mineral interests held in trust for or supervised by an Indian tribe." 30 U.S.C. § 1291(9).

3

SMCRA and the federal implementing regulations grant authority to regulate mining on "Indian lands" only to the federal government—through OSMRE—and the tribes, and explicitly exclude the State from exercising that authority.[2]  *See* 30 U.S.C. §§ 1273, 1291, 1300; *see also* 30 C.F.R. § 750.6(a).  Therefore, because *McGirt* and the subsequent state cases have confirmed the continued existence of the three reservations, OSMRE is the regulatory authority within the exterior boundaries of those reservations, and it has begun exercising that authority.  *See Oklahoma I*, Compl. ¶ 40, Ex. 1; *Oklahoma II*, Compl. ¶ 49, Ex. 1.

In both *Oklahoma I* and *Oklahoma II*, the State of Oklahoma challenges OSMRE's SMCRA jurisdiction on the grounds that *McGirt* and the subsequent decisions by the Oklahoma Court of Criminal Appeals recognizing the Muscogee (Creek) Nation, Choctaw Nation of Oklahoma, and Cherokee Nation Reservations are limited to the criminal context and do not affect Oklahoma's ability to regulate surface mining within those reservations.  *Oklahoma I*, Compl. ¶ 39; *Oklahoma II*, Compl. ¶ 40.  The State of Oklahoma asserts nearly identical claims in both cases.  Through both cases, the State

---

[2] SMCRA accomplishes its purposes through a "cooperative federalism" approach, in which the Secretary of the Interior may approve a "State program" for regulation of surface mining and reclamation that meets the minimum federal requirements.  *Bragg v. W. Virginia Coal Ass'n*, 248 F.3d 275, 288 (4th Cir. 2001).  "Once the Secretary is satisfied that a State program meets these requirements," the Secretary will approve the State program, which allows that State to have primary regulatory jurisdiction (primacy) over the regulation of surface coal mining and reclamation operations on non-federal non-Indian lands within such State, with OSMRE retaining oversight and backup enforcement authority.  *Id*. at 288-89.  OSMRE approved Oklahoma's State program in 1981 for non-federal and non-Indian lands.  30 C.F.R. § 936.10; 46 Fed. Reg. 4902, 4909 (Jan. 19, 1981).

seeks declaratory judgment "that *McGirt* Does Not Apply to Surface Coal Mining and Reclamation Activities and that Oklahoma Has Jurisdiction Under SMCRA to Regulate Surface Coal Mining and Reclamation Operations Within the Historic Lands of the" Muscogee (Creek), Choctaw, and Cherokee Nations. *Oklahoma I*, Compl. ¶¶ 58-64; *Oklahoma II*, Compl. ¶¶ 66-74. And in both cases, the State alleges that: (1) OSMRE's decision to "Disapprove a State [SMCRA] Program and Prepare a Federal Program" for the Muscogee (Creek), Choctaw, and Cherokee Reservations was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law under the Administrative Procedure Act ("APA"), *Oklahoma I*, Compl. ¶¶ 65-79, *Oklahoma II*, Compl. ¶¶ 75-92; (2) "OSMRE's "Decision to Deny Grant Funding" to the State violated the APA, *Oklahoma I*, Compl. ¶¶ 80-88, *Oklahoma II*, Compl. ¶¶ 93-101; and (3) OSMRE's recognition of the reservations and the subsequent change in jurisdiction under SMCRA violates SMCRA and the APA's procedural requirements, *Oklahoma I*, Compl. ¶¶ 89-104, *Oklahoma II*, Compl. ¶¶ 102-118. Finally, both complaints include a claim alleging that OSMRE's actions "Violated Plaintiffs' Rights to Fundamental Fairness and Due Process." *Oklahoma I*, Compl. ¶¶ 105-107; *Oklahoma II*, Compl. ¶¶ 119-121.

      Both cases also seek the same relief—declaratory judgment that *McGirt* (or the subsequent state-court decisions applying it) do not affect Oklahoma's jurisdiction over surface mining within the Muscogee (Creek) Nation, Choctaw Nation of Oklahoma, and Cherokee Nation Reservations; vacatur of OSMRE's actions recognizing the change in jurisdiction in light of *McGirt* and subsequent state court decisions; and an injunction enjoining OSMRE from denying grants or otherwise proceeding with the transfer of

jurisdiction in light of *McGirt* and the subsequent state court decisions recognizing the Muscogee (Creek) Nation, Choctaw Nation of Oklahoma, and Cherokee Nation Reservations.  *Oklahoma I*, Prayer for Relief; *Oklahoma II*, Prayer for Relief.

Because the cases so substantially overlap and involve the same fundamental legal issues—particularly the implications of *McGirt* and its line of cases for the regulation of surface mining on Indian lands under SMCRA, *see Oklahoma I*, Compl. ¶¶ 39, 58-64; *Oklahoma II*, Compl. ¶¶ 40, 66-74—consolidation is in the interest of judicial economy. Consolidating will allow the parties to avoid filing, and the Court having to address, largely duplicative motions in the two separate cases.[3]  It will also avoid prejudice to Federal Defendants who would otherwise have to respond to effectively double the number of pages on the same arguments and issues.  Consolidation would also avoid the potential for conflicting rulings in the two cases given that they involve the same legal issues, the same requests for relief, and substantially overlapping facts.  To the extent there are any material factual differences, the parties can more effectively address and distinguish them in consolidated briefing than in two separate cases with separate schedules and separate briefing.

---

[3] For example, Plaintiffs have filed a motion for preliminary injunction in *Oklahoma I*, which involves the application of *McGirt* to SMCRA jurisdiction within the Muscogee (Creek) Nation Reservation.  *Oklahoma I*, ECF No. 17.  That motion acknowledges the overlap between the two cases, arguing (without citing Plaintiffs' complaint in *Oklahoma II*) that "Defendants recently acted, under the guise of *McGirt*, to strip Oklahoma of its jurisdiction to regulate surface mining and reclamation activities on the historic lands of the Cherokee Nation of Oklahoma and the Choctaw Nation of Oklahoma." *Id.* at 39.  Consolidating would serve economy and efficiency by precluding a potential second round of duplicative preliminary injunction proceedings in the second case, given the identical legal and related factual issues.

Consolidation will also streamline scheduling and the production of any administrative record. Because the parties are the same in both cases, consolidation will not cause any confusion. Nor will it cause delay given that both cases have only just been filed. In fact, the parties and the Court will be able to address the relevant issues faster in the context of consolidated cases and a consolidated schedule. *See Miller Mendel, Inc. v. City of Oklahoma City*, No. CIV-18-990-JD, 2020 WL 9597840, at *2 (W.D. Okla. July 24, 2020) ("Consolidation will obviate the need, going forward, for the parties and the Court to keep track of and cross-reference dockets in two separate cases.").

For the foregoing reasons, Federal Defendants respectfully request that the Court consolidate *Oklahoma I* and *Oklahoma II*. Federal Defendants are filing this same motion in both cases.

DATE:   August 25, 2021                    Respectfully submitted,

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Div.

 /s/ Arwyn Carroll
ARWYN CARROLL
Trial Attorney, Natural Resources Section
Massachusetts Bar No. 675926
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:  202-305-0465
Fax:  202-305-0506
arwyn.carroll@usdoj.gov

*Counsel for Federal Defendants*