## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA; | ) | |
| J. KEVIN STITT, in his official capacity | ) | |
| as Governor of Oklahoma, et al.; | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *v.* | ) | Case No. CIV-21-719-F |
| | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| THE INTERIOR; | ) | |
| DEBRA A. HAALAND, in her official | ) | |
| capacity as Secretary of the Interior, et al.; | ) | |
| | ) | |
| *Defendants.* | ) | |

## MOTION OF THE MUSCOGEE (CREEK) NATION FOR LIMITED
## INTERVENTION AND BRIEF IN SUPPORT

Roger F. Wiley, Attorney General,
  Okla. Bar No. 11568
Kyle B. Haskins, First Assistant Attorney
  General, Okla. Bar No. 12694
Muscogee (Creek) Nation
P.O. Box 580
Okmulgee, OK 74447

R. Daniel Carter, Okla. Bar No. 30514
Stephen R. Ward, Okla. Bar No. 13610
Daniel E. Gomez, Okla. Bar No. 22153
C. Austin Birnie, Okla. Bar No. 31942
CONNER & WINTERS, LLP
4100 First Place Tower
15 E. Fifth Street
Tulsa, OK 74103
Telephone:  (918) 586-8541
Facsimile:  (918) 586-8605
E-mail:  rcarter@cwlaw.com

*Attorneys for the Defendant-Intervenor, Muscogee (Creek) Nation*

# TABLE OF CONTENTS

Page

INTRODUCTION & SUMMARY .......................................................................... 1

ARGUMENT & AUTHORITIES ........................................................................... 3

I.      THE NATION'S MOTION SATISFIES THE REQUIREMENTS OF
        RULE 24 FOR INTERVENTION AS A MATTER OF RIGHT ........................... 3

        A.      The Nation's motion to intervene is timely................................................... 4

        B.      The Nation has an interest in the subject of the action ................................. 5

        C.      The Nation's interest may be impaired or impeded if intervention
                is not granted ................................................................................................ 8

        D.      The current parties do not adequately represent the Nation's interests ........ 9

II.     ALTERNATIVELY, THE NATION'S INTERVENTION SHOULD BE
        GRANTED PERMISSIVELY ................................................................................. 11

III.    THE NATION'S MOTION TO INTERVENE FOR A LIMITED PURPOSE
        IS APPROPRIATE IN THIS CASE ....................................................................... 12

CONCLUSION ..................................................................................................... 15

CERTIFICATE OF SERVICE ........................................................................... 18

APPENDIX OF EXHIBITS ............................................................................... 19

# TABLE OF AUTHORITIES

Pages

## Decisions

*C & L Enterprises v. Citizen Band Potawatomi Tribe of Oklahoma*,
532 U.S. 411, 121 S. Ct. 1589 (2001) .......................................................................... 14

*Center for Biological Diversity v. Pizarchik*, 858 F. Supp. 2d 1221 (D. Colo. 2012) ...... 13

*Coalition of Arizona/New Mexico Counties v. Department of the Interior*,
100 F.3d 837 (10th Cir. 1996) .................................................................................... 5, 9

*Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999) ............................................................. 8

*Harjo v. Kleppe*, 410 F. Supp. 1110 (D.D.C. 1976) ........................................................... 11

*Hollingsworth v. Perry*, 570 U.S. 693, 133 S. Ct. 2652 (2013) .......................................... 5

*Kane County v. United States*, 928 F.3d 877 (10th Cir. 2019) ..................................... 3, 10

*Kane County v. United States*, 597 F.3d 1129 (10th Cir. 2010) ....................................... 12

*Kansas v. United States*, 249 F.3d 1213 (10th Cir. 2001) ................................................. 13

*Lac du Flambeau Band of Lake Superior Chippewa Indians v. Norton*,
422 F.3d 490 (7th Cir. 2005) ...................................................................................... 13

*McGirt v. Oklahoma*, 591 U.S. ___, 140 S. Ct. 2452 (2020) ................................... passim

*Mescalero Apache Tribe v. New Mexico*, 131 F.3d 1379 (10th Cir. 1997) ...................... 15

*Michigan v. Bay Mills Indian Community*, 572 U.S. 782, 134 S. Ct. 2024 (2014) ........... 14

*Navajo Nation v. Superior Court of the State of Washington,* 47 F. Supp. 2d 1233
(E.D. Wash. 1999) ......................................................................................................... 7

*Northern Arapaho Tribe v. Harnsberger*, 697 F.3d 1272 (10th Cir. 2012) ..................... 14

*Nuesse v. Camp*, 385 F.2d 694 (D.C. Cir. 1967) ................................................................ 5

ii

*Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223
(10th Cir. 2010) ............................................................................................ 4

*Oklahoma Tax Commission v. Citizen Band Potawatomi Indian Tribe of
Oklahoma*, 498 U.S. 505, 111 S. Ct. 905 (1991) ................................... 14, 15

*Republic of the Philippines v. Pimentel*, 553 U.S. 851, 128 S. Ct. 2180 (2008).............. 13

*San Juan County v. United States*, 503 F.3d 1163 (10th Cir. 2007) ............................. 5, 8

*Sanguine, Ltd. v. United States Department of Interior*, 736 F.2d 1416
(10th Cir. 1984) ............................................................................................ 4

*Trbovich v. United Mine Workers of America*, 404 U.S. 528,
92 S. Ct. 630 (1972) ................................................................................. 9, 10

*United Keetoowah Band of Cherokee Indians of Oklahoma v. United States*,
480 F.3d 1318 (Fed. Cir. 2007).................................................................... 13

*Utah Association of Counties v. Clinton*, 255 F.3d 1246 (10th Cir. 2001) .................... 8, 9

*Vann v. Kempthorne*, 534 F.3d 741 (D.C. Cir. 2008) ...................................................... 14

*Western Energy Alliance v. Zinke*, 877 F.3d 1157 (10th Cir. 2017) ............................... 4, 9

*Wichita & Affiliated Tribes v. Hodel*, 788 F.2d 765 (D.C. Cir. 1986) .............................. 14

*WildEarth Guardians v. National Park Service*, 604 F.3d 1192 (10th Cir. 2010).......... 8, 9

*WildEarth Guardians v. United States Forest Service*, 573 F.3d 992
(10th Cir. 2009).......................................................................................... 4, 9

*Wyandotte Nation v. City of Kansas City*, 200 F. Supp. 2d 1279
(D. Kan. 2002) ........................................................................................ 13, 15

## Unpublished Decisions

*CDST-Gaming I, LLC v. Comanche Nation*, CIV-09-521-F, 2013 WL
12086688 (W.D. Okla. Jan. 8, 2013) ........................................................... 15

*Ferrell v. SemGroup Corp.*, 19-CV-00610-GKF-JFJ, 2020 WL 4281302
(N.D. Okla. June 12, 2020) ........................................................................... 12

*Hayes v. Osage Minerals Council*, 699 Fed. Appx. 799 (10th Cir. 2017) ........................ 13

*MGM Global Resorts Development v. United States Department of Interior*,
No. 19-CV-2377-RC, 2020 WL 5545496 (D.D.C. Sept. 16, 2020) ............................ 14

*United States v. Questar Gas Management Co.*, No. 08-CV-167-DAK,
2010 WL 187227 (D. Utah Jan. 13, 2010) ................................................... 7, 10

## Statutes and Rules

Major Crimes Act, 18 U.S.C. § 1153 ........................................................... 1, 6

Surface Mining Control and Reclamations Act, 30 U.S.C. §§ 1201, *et seq.* ............. passim

30 U.S.C. § 1291(9) ............................................................................ 1, 6

42 U.S.C. § 7401 .................................................................................. 7

Fed. R. Civ. P. 12(b)(7) ........................................................... 1, 3, 12, 13, 16

Fed. R. Civ. P. 19 ................................................................. 1, 3, 8, 12, 13, 16

Fed. R. Civ. P. 24 ........................................................................... passim

Fed. R. Civ. P. 24(a) ............................................................................ 15

Fed. R. Civ. P. 24(a)(2) ............................................................ 2, 3, 5, 7, 9, 11

Fed. R. Civ. P. 24(b)(1)(B) ......................................................... 2, 11, 12, 15

Fed. R. Civ. P. 24(b)(3) .......................................................................... 12

## Treaties

Treaty with the Creeks, Feb. 14, 1833, 7 Stat. 417 (Kappler, 1904, vol. II, at p. 388)
........................................................................................... 7, 10

## Miscellaneous Authorities

4 J. Moore, J. Lucas & G. Grotheer, Jr., MOORE'S FEDERAL PRACTICE
§ 19.03[3][f][i]-[ii] (3d ed. 2021) .................................................................................. 8

### MOTION OF THE MUSCOGEE (CREEK) NATION FOR LIMITED INTERVENTION AND BRIEF IN SUPPORT

Pursuant to Fed. R. Civ. P. 24, the Muscogee (Creek) Nation, a federally recognized Indian tribe (the "Nation"), hereby moves to intervene as a defendant in this action, as a matter of right or permissively, for the special and limited purpose of seeking dismissal under Fed. R. Civ. P. 12(b)(7) and 19 for failure to join the Nation, a required party who cannot be joined due to sovereign immunity. The Nation does not waive its sovereign immunity or otherwise consent to suit for any purpose.

### INTRODUCTION & SUMMARY

The pending action involves vital challenges to the Nation's sovereign rights and to the status of its permanent homelands, which were unconditionally confirmed to be an "Indian reservation" by the United States Supreme Court in *McGirt v. Oklahoma*, 591 U.S. ___, 140 S. Ct. 2452 (2020). The Plaintiffs' cause of action relates to jurisdictional authority under the Surface Mining Control and Reclamations Act, 30 U.S.C. § 1201, *et seq.* ("SMCRA"), which defines "Indian lands" to include "*any* Federal Indian reservation."[1] The Plaintiffs argue that the Nation's reservation does not meet that definition because the "Indian reservation" recognized by the Supreme Court in *McGirt* does not extend beyond the Major Crimes Act, 18 U.S.C. § 1153.[2] The Plaintiffs also claim that Congress broadly divested significant jurisdictional authority from the Nation,

---

[1]     30 U.S.C. § 1291(9) (emphasis added).

[2]     Pls.' Compl. [ECF No. 1], ¶¶ 38-39; Pls.' Mot. for Prelim. Inj. [ECF No. 17], 15-17.

and that equitable principles prohibit any change of jurisdiction on the Nation's reservation.[3]

Under Rule 24, a movant may intervene by right or by permission of the court. A court "*must* permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[4] A court "*may* permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."[5]

This motion to intervene falls squarely within the requirements of intervention as a matter of right because the Nation's core sovereign interests in its reservation status and its interests in the regulatory jurisdiction on its reservation under the SMCRA are at stake in this case and would be impaired or impeded by disposition of this action in its absence. The Nation's motion is timely because the action remains in its preliminary stages and no dispositive rulings have been entered. Moreover, precedent establishes and history conclusively confirms that the Defendants do not adequately represent the Nation's interests in this action.

---

[3]     Pls.' Mot. for Prelim. Inj. [ECF No. 17], 15-19.

[4]     Fed. R. Civ. P. 24(a)(2) (emphasis added).

[5]     *Id.* at 24(b)(1)(B) (emphasis added).

At the same time, the Nation shares an interest in the questions of law presented regarding the scope of the Supreme Court's decision in *McGirt* and jurisdiction over its reservation under the SMCRA, so the Nation also qualifies for permissive intervention. Whether by right or permissively, the Nation moves the Court to grant its request for limited intervention.

This motion to intervene is expressly made on a limited basis and for the limited purpose of seeking dismissal of the Plaintiffs' action pursuant to Fed. R. Civ. P. 12(b)(7) and 19 for the failure to join the Nation—a required party that cannot be joined pursuant to its sovereign immunity. By moving to intervene, the Nation does not waive its sovereign immunity or otherwise consent to suit. A limited motion in this regard is a well-established procedure and is appropriate in this litigation. A copy of the Nation's proposed Motion to Dismiss, which it will file upon approval of this motion to intervene, is attached hereto as Exhibit 1.

## ARGUMENT & AUTHORITIES

## I.  THE NATION'S MOTION SATISFIES THE REQUIREMENTS OF RULE 24 FOR INTERVENTION AS A MATTER OF RIGHT

Intervention as a matter of right is addressed in Fed. R. Civ. P. 24(a)(2), which provides four components a movant must meet: "(1) timeliness, (2) an interest relating to the property or transaction that is subject to the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties."[6] The burden for

---

[6]     *Kane Cnty. v. United States*, 928 F.3d 877, 889 (10th Cir. 2019).

meeting these requirements is minimal.[7] Accordingly, the United State Court of Appeals for the Tenth Circuit takes a liberal approach to motions under Rule 24 that favors intervention.[8]

## A.   The Nation's motion to intervene is timely.

The timeliness of a motion to intervene is assessed "in light of all the circumstances."[9] Three non-exhaustive factors are of particular importance: "(1) the length of time since the movants knew of their interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movants."[10] Each of these factors weigh in favor of the Nation's motion being timely.

Concerning the first factor, the Plaintiffs' complaint was filed less than two months ago, and its pending motion for a preliminary injunction was filed less than a month ago. As to the second factor, the Defendants have yet to file an answer or a response to the request for preliminary injunction and no judgments have been entered in this action. Accordingly, the requested intervention will not delay or prejudice the original parties' rights, because the litigation remains in its preliminary stages. In

---

[7]       *See WildEarth Guardians v. United States Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009).

[8]       *W. Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017).

[9]       *Sanguine, Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984).

[10]      *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010).

contrast, if the motion to intervene is denied, the Nation would suffer prejudice because its significant sovereign interests in the status of its reservation and the jurisdiction to be applied on its reservation would be determined without its participation, causing serious harm to the Nation's sovereignty. Therefore, the Nation's motion to intervene is timely in light of the circumstances.

**B.     The Nation has an interest in the subject of the action.**

To intervene as of right, a movant must have an "interest relating to the property or transaction that is the subject of the action."[11] Courts should exercise "practical judgment" when considering "the strength of the interest and the potential risk of injury to that interest . . . ."[12] The Tenth Circuit holds that "the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process . . . ."[13]

The Nation's interest in this case is clear and compelling. In *McGirt*, the Supreme Court held that the Nation received through its treaties an "Indian reservation" that fits "any definition" of the term, and that "in all this history there simply arrived no moment

---

[11]     Fed. R. Civ. P. 24(a)(2).

[12]     *San Juan Cnty. v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007) (en banc), *abrogated on other grounds by Hollingsworth v. Perry*, 570 U.S. 693, 133 S. Ct. 2652 (2013).

[13]     *Coalition of Arizona/New Mexico Cntys. v. Dep't of the Interior*, 100 F.3d 837, 839 (10th Cir. 1996) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).

when any Act of Congress dissolved the [Muscogee] Creek Tribe or disestablished its reservation."[14]

The SMCRA defines "Indian lands" to include "*any* Federal Indian reservation."[15] However, the Plaintiffs argue in their Complaint and Motion for Preliminary Injunction that the Nation's reservation does not meet that definition.[16] Instead, the Plaintiffs' primary argument is that the Supreme Court's confirmation of the Nation's reservation in *McGirt* is limited to the context of criminal jurisdiction under the Major Crimes Act, despite the Court's sweeping opinion that specifically acknowledged the decision's potential impact on other federal laws.[17] The Plaintiffs also claim that Congress broadly divested significant jurisdictional authority from the Nation, and that equitable principles prohibit any change of jurisdiction on the Nation's reservation.[18]

The Nation has a significant interest in the Plaintiffs' attacks on its sovereignty and the lands designated by the United States as a "permanent home to the whole

---

[14]    *McGirt*, 140 S. Ct. at 2462, 2468.

[15]    30 U.S.C. § 1291(9) (emphasis added).

[16]    Pls.' Compl. [ECF No. 1], ¶¶ 38-39; Pls.' Mot. for Prelim. Inj. [ECF No. 17], 15-17.

[17]    *See McGirt*, 140 S. Ct. at 2480 ("Of course, many federal civil laws and regulations do currently borrow from [the Major Crimes Act] when defining the scope of Indian country.").

[18]    Pls.' Mot. for Prelim. Inj. [ECF No. 17], 15-19.

[Muscogee] Creek nation."[19] Moreover, the Nation has a compelling interest in the questions presented by the Plaintiffs about jurisdiction on the Nation's reservation, including under the SMCRA. These interests are unquestionably sufficient for the purposes of intervention under Rule 24(a)(2).

Directly on point is *United States v. Questar Gas Management Co.* where a company took a position that an Indian tribe's reservation had been disestablished as a defense to the federal government's enforcement authority under the Clean Air Act, 42 U.S.C. § 7401, *et seq.*[20] The tribe's motion to intervene was granted because

> the Tribe has sovereign interests that are dependent upon the continued recognition that the [Tribe's reservation] is intact which could be impacted by claims and defenses that have been raised in this action. The Tribe has an interest in the jurisdictional status of the [Tribe's reservation] which could be impaired if the Tribe is not allowed to intervene.[21]

As confirmed by *Questar Gas Management*, the Nation's interests in preserving the Supreme Court's recognition of its reservation and its interests in the jurisdictional status of its reservation are sufficient interests for intervention. Furthermore, the pending action also relates to environmental jurisdiction, and the Tenth Circuit has "declared it

---

[19]     *McGirt*, 140 S. Ct. at 2459 (quoting Treaty with the Creeks, Feb. 14, 1833, 7 Stat. 417, 418 (Kappler, 1904, vol. II, at p. 388)).

[20]     *United States v. Questar Gas Mgmt. Co.*, No. 08-CV-167-DAK, 2010 WL 187227, at *2 (D. Utah Jan. 13, 2010) (unpublished).

[21]     *Id*. at *2; *see also Navajo Nation v. Superior Ct. of the State of Washington,* 47 F. Supp. 2d 1233, 1245 (E.D. Wash. 1999) (granting tribe's request for intervention in an adoption proceeding because it had a "significant protectable interest due to the infringement of its jurisdiction and sovereignty over child custody proceedings").

7

'indisputable' that a prospective intervenor's environmental concern is a legally protectable interest."[22]

The Nation's interest in its reservation status is more than sufficient to satisfy the second factor for intervention as a matter of right.[23]

**C.    The Nation's interest may be impaired or impeded if intervention is not granted.**

The impairment factor is interconnected with the existence of a prospective intervenor's interest.[24] To satisfy this element, the prospective intervenor "must show only that impairment of its substantial legal interest is *possible* if intervention is denied."[25] Accordingly, this requirement "presents a minimal burden."[26]

As outlined above, the Nation's interest in the case arises from questions presented about the status of its reservation and the jurisdictional status of the reservation under the SMCRA. A ruling affecting the Nation's interests plainly is possible, so the Nation's

---

[22]    *See WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (quoting *San Juan Cnty.*, 503 F.3d at 1199).

[23]    Rules 19 and 24 serve the same purpose and are essentially identical. *See* 4 J. Moore, J. Lucas & G. Grotheer, Jr., MOORE'S FEDERAL PRACTICE § 19.03[3][f][i]-[ii], at 19-57 (3d ed. 2021). The arguments made in support of this motion are similar to those contained in Section I(A) of the Nation's proposed Motion to Dismiss, attached as Exhibit 1. To limit overly duplicative arguments, the Nation adopts and incorporates by reference those arguments in this motion.

[24]    *See Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001).

[25]    *Id.* (quoting *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999)) (emphasis added).

[26]    *See WildEarth Guardians*, 604 F.3d at 1199.

interest in the action would be impeded if it is denied the right to intervene.[27] Even if the Plaintiffs' action were to be resolved on administrative grounds, requiring a federal agency "to engage in an additional round of administrative planning and decision-making" could impede a movant's interest.[28] Therefore, the possible impairment of the Nation's interests supports granting the Nation's motion to intervene as a matter of right.[29]

**D.    The current parties do not adequately represent the Nation's interests.**

Only a "minimal" showing is required to establish that the current parties do not adequately represent the intervenor's interest.[30] The intervenor-applicant "need only show the possibility of inadequate representation" and "[t]he possibility of divergence of interest need not be great in order to satisfy the burden of the applicant."[31] In cases such as this one in which the original party and proposed intervenor are both governmental

---

[27]    *See, e.g.*, *Utah Ass'n of Cntys.*, 255 F.3d at 1254 ("the stare decisis effect of the district court's judgment is sufficient impairment for intervention under Rule 24(a)(2)") (quoting *Coalition of Arizona/New Mexico Cntys.*, 100 F.3d at 844).

[28]    *See W. Energy Alliance*, 877 F.3d at 1167 (citing *WildEarth Guardians*, 604 F.3d at 1199).

[29]    The Nation also adopts and incorporates its arguments in Section I(A) of its proposed Motion to Dismiss, attached as Exhibit 1. *See supra* note 23.

[30]    *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 636 n.10 (1972).

[31]    *WildEarth Guardians*, 573 F.3d at 996.

entities, a mere demonstration that the interests served by the governmental entities may be different is sufficient to establish inadequate representation.[32]

The Defendants have a duty to serve the federal government's interests, as well as those of the broader public.[33] Accordingly, the Defendants' interests lie with defending the provisions of the SMCRA and ensuring its implementation serves the environmental interests of the United States and its citizens. The Nation, on the other hand, is an independent sovereign tribal government representing the unique interests of the tribe and its citizens. Its interests are in protecting its reservation status and rights to self-governance, which are broader than the Defendants' interests under the SMCRA. While the interests of the Defendants and the Nation might intersect in some respects, the Defendants do not have fundamental sovereign interests or their "permanent home" at stake.[34] As a result, even if there is some common ground on a few issues, a divergence of interests between the federal government and the Nation is likely because the motives and goals of the parties are different.[35] Indeed, the Defendants recently demonstrated they do not have an interest in protecting the Nation's reservation or sovereignty when they

---

[32]     *See Kane Cnty.*, 928 F.3d at 892.

[33]     *See Trbovich*, 404 U.S. at 538-39, 92 S. Ct. at 636.

[34]     *McGirt*, 140 S. Ct. at 2459 (quoting Treaty with the Creeks, Feb. 14, 1833, 7 Stat. 417, 418).

[35]     *See also Questar Gas Mgmt. Co.*, 2010 WL 187227, at *2 ("The Tribe has an interest in the jurisdictional status of [it's reservation] which could be impaired if the Tribe is not allowed to intervene. *These interests are separate and distinct from the United States' ability to enforce the [Clean Air Act].*") (emphasis added).

took the position that the Nation's reservation had been disestablished last year in *McGirt v. Oklahoma*.[36] Likewise, history demonstrates that the Defendants have repeatedly failed to honor its treaties providing a "permanent home" for the Nation.[37]

Therefore, even if there is a temporary overlap in interests between the Nation and the Defendants in some respects under the SMCRA, the Nation's sovereign interests relating to its reservation are not unconditionally aligned with the current parties, so a divergence of interests is, at a minimum, possible. The Nation's motion to intervene meets the fourth and final component of Rule 24(a)(2), and should be granted as a matter of right.[38]

## II.  ALTERNATIVELY, THE NATION'S INTERVENTION SHOULD BE GRANTED PERMISSIVELY

In addition to satisfying the requirements for intervention as a matter of right, the Nation's motion to intervene also satisfies the requirements for permissive intervention. Rule 24(b)(1)(B) allows intervention by anyone who "shares with the main action a

---

[36]    *See McGirt*, 140 S. Ct. 2452 (United States participating as an amicus curiae for Respondent; the Nation participating as an amicus curiae for Petitioner).

[37]    *See, e.g.*, *McGirt*, 140 S. Ct. at 2460-62 (surveying history of treaty promises to Muscogee Nation and noting "[w]hile there can be no question that Congress established a reservation for the Creek Nation, it's equally clear that Congress has since broken more than a few of its promises to the Tribe."); *Harjo v. Kleppe*, 410 F. Supp. 1110, 1119-1136 (D.D.C. 1976) (describing unsuccessful efforts of federal government to dissolve the Muscogee Nation's government).

[38]    The Nation also adopts and incorporates its arguments in Section III(B)(1) of its proposed Motion to Dismiss, attached as Exhibit 1. *See supra* note 23.

common question of law or fact."[39] The decision to allow permissive intervention is within the discretion of the court, but a court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[40]

Permissive intervention is warranted in this case because the Nation shares with this action common questions of law or fact—namely application of SMCRA's jurisdiction provisions after the Supreme Court confirmed the Nation's reservation had never been disestablished by Congress. As described in the Nation's basis for intervening as a matter of right, the Nation's request for permissive intervention is timely and would not prejudice the adjudication of the original parties' rights.[41] The case remains in its early phase and no substantive rulings have been entered.[42]

Therefore, separate from an intervention as a matter of right, the Nation alternatively meets the requirements under Rule 24(b)(1)(B) for permissive intervention.

### III.  THE NATION'S MOTION TO INTERVENE FOR A LIMITED PURPOSE IS APPROPRIATE IN THIS CASE

With its jurisdictional and sovereign interests under attack in this case, the Nation seeks to intervene on a limited basis solely to seek dismissal of this case under Rules

---

[39]     Fed. R. Civ. P. 24(b)(1)(B).

[40]     *See Kane Cnty. v. United States*, 597 F.3d 1129, 1135 (10th Cir. 2010) (citing Fed. R. Civ. P. 24(b)(3)).

[41]     *See supra* Section I(A).

[42]     *See Ferrell v. SemGroup Corp.*, 19-CV-00610-GKF-JFJ, 2020 WL 4281302, *2 (N.D. Okla. June 12, 2020).

12(b)(7) and 19 for failure to join a required party, because the Nation cannot be joined due to its sovereign immunity. This procedure has been recognized and applied in numerous cases, including those involving Indian tribes and other governments seeking to dismiss attacks against their sovereign interests, while preserving sovereign immunity.

In *Republic of the Philippines v. Pimentel*, the Supreme Court recognized a sovereign government's right to intervene on a limited basis to seek dismissal under Rules 12(b)(7) and 19 for the inability to join the sovereign as a necessary party, while maintaining sovereign immunity.[43] Likewise, the Tenth Circuit has accepted a limited motion to intervene by a tribal entity seeking to dismiss an action while preserving its sovereign immunity.[44] District courts within the Tenth Circuit have also recognized and accepted this procedure.[45] Similarly, other circuits have allowed tribes to intervene on a limited basis to have a case dismissed.[46] In one of the more recent cases on this topic, the

---

[43]     *See* 553 U.S. 851, 855, 128 S. Ct. 2180, 2184 (2008).

[44]     *See Hayes v. Osage Minerals Council*, 699 Fed. Appx. 799, 802 (10th Cir. 2017) (unpublished) (noting that lower court for the Northern District of Oklahoma granted limited motion to intervene to file motion to dismiss; motion to dismiss denied on fact-specific grounds); *see also Kansas v. United States*, 249 F.3d 1213, 1220-21 (10th Cir. 2001).

[45]     *See, e.g.*, *Ctr. for Biological Diversity v. Pizarchik*, 858 F. Supp. 2d 1221, 1224 (D. Colo. 2012) (noting grant of Navajo Nation's limited motion to intervene to assert motion to dismiss); *Wyandotte Nation v. City of Kan. City*, 200 F. Supp. 2d 1279, 1287 (D. Kan. 2002) (granting State of Kansas' motion to intervene for purposes of seeking dismissal for inability to join state because of sovereign immunity).

[46]     *See, e.g.*, *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 495 (7th Cir. 2005) (noting district court's grant of tribe's motion for limited intervention for purpose of seeking dismissal); *United Keetoowah Band of Cherokee Indians of Okla. v. United States*, 480 F.3d 1318, 1323 (Fed. Cir. 2007)

United States District Court for the District of Columbia considered an argument that limited intervention was procedurally barred, but, after an extensive review of precedent, found that Rule 24 contained no such restriction.[47] Appropriate here, the United States Court of Appeals for the District of Columbia Circuit stated "[i]t is wholly at odds with the policy of tribal immunity to put the tribe to this Hobson's choice between waiving its immunity or waiving its right not to have a case proceed without it."[48]Accordingly, the Nation's request for limited intervention to move for dismissal is a well-established and widely accepted procedure.

It follows that the Nation does not waive its immunity by filing a limited motion to intervene. It is well-settled that Indian tribes possess absolute immunity from suit, absent waiver or congressional abrogation.[49] A limited intervention for the purpose of

_____

(recognizing procedure for tribe's limited motion to intervene to seek dismissal, but denying intervention on fact-specific grounds); *Vann v. Kempthorne*, 534 F.3d 741, 745 (D.C. Cir. 2008) (noting district court's grant of tribe's intervention for limited purpose of seeking dismissal).

[47]    *See MGM Global Resorts Dev. v. United States Dep't of Interior*, No. 19-CV-2377-RC, 2020 WL 5545496, at **5-6 (D.D.C. Sept. 16, 2020) (collecting cases).

[48]    *Wichita & Affiliated Tribes v. Hodel*, 788 F.2d 765, 776 (D.C. Cir. 1986).

[49]    *See, e.g.*, *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 788, 134 S. Ct. 2024, 2030 (2014); *C & L Enters. v. Citizen Band Potawatomi Tribe of Okla.*, 532 U.S. 411, 416-17, 121 S. Ct. 1589, 1593-94 (2001); *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1281 (10th Cir. 2012) ("Only a 'clear waiver by the tribe or congressional abrogation' limits a tribe's sovereign immunity.") (quoting *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509, 111 S. Ct. 905, 909 (1991)).

dismissing an action is not an unconditional waiver of immunity.[50] As this Court has previously confirmed, a tribe can limit its waiver of immunity as to certain claims or purposes.[51] Moreover, tribes do not waive their immunity for counterclaims simply by participating in litigation.[52]

Accordingly, the Nation's intervention for the limited purpose of seeking dismissal, but for no other purpose, is consistent with the Nation's sovereign immunity rights.[53]

## CONCLUSION

The Nation's motion for a limited intervention as a matter of right under Fed. R. Civ. P. 24(a) should be granted because the motion is timely, the Nation has a substantial interest that could be impaired or impeded by the action, and the existing parties cannot adequately represent the Nation. At the same time, the Nation requests this Court grant its limited motion for permissive intervention under Fed. R. Civ. P. 24(b)(1)(B) because the Nation shares with this action common questions of law or fact. The Nation's rights to

---

[50]    *See Wyandotte Nation*, 200 F. Supp. 2d at 1291 (holding a state does not waive sovereign immunity by moving to intervene to seek dismissal) (citing *Mescalero Apache Tribe v. New Mexico*, 131 F.3d 1379, 1385 n.4 (10th Cir. 1997)).

[51]    *See CDST-Gaming I, LLC v. Comanche Nation*, CIV-09-521-F, 2013 WL 12086688, at *3 (W.D. Okla. Jan. 8, 2013).

[52]    *See, e.g.*, *Okla. Tax Comm'n*, 498 U.S. at 509, 111 S. Ct. at 909.

[53]    The Nation also adopts and incorporates its arguments in Sections II and III(A) of its proposed Motion to Dismiss and Brief in Support, attached as Exhibit 1. *See supra* note 23.

preserve its immunity while seeking limited intervention for the specific purpose of requesting an action be dismissed under Rules 12(b)(7) and 19 is broadly accepted. Therefore, whether by right or permissively, an order granting the Nation's motion to intervene for the purposes of filing its attached Motion to Dismiss is appropriate.

                                                    Respectfully submitted,

                                                     s/ R. Daniel Carter
Roger F. Wiley, Attorney General,                   R. Daniel Carter, Okla. Bar No. 30514
  Okla. Bar No. 11568                               Stephen R. Ward, Okla. Bar No. 13610
Kyle B. Haskins, First Assistant Attorney           Daniel E. Gomez, Okla. Bar No. 22153
  General, Okla. Bar No. 12694                       C. Austin Birnie, Okla. Bar No. 31942
Muscogee (Creek) Nation                             CONNER & WINTERS, LLP
Post Office Box 580                                 4100 First Place Tower
Okmulgee, OK 74447                                  15 E. Fifth Street
                                                    Tulsa, OK 74103
                                                    Telephone:  (918) 586-8541
                                                    Facsimile:  (918) 586-8605
                                                    E-mail:  rcarter@cwlaw.com

          *Attorneys for the Defendant-Intervenor, Muscogee (Creek) Nation*

                                          17

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2021, I electronically transmitted the above and foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Attorneys for Plaintiffs:
Lauren A. Bachtel; lbachtel@huntonak.com
Matthew Zane Leopold; mleopold@huntonak.com
Jennifer L. Lewis; Jennifer.lewis@oag.ok.gov
Elbert Lin; elin@hunton.com
Mithun S. Mansinghani; mithun.mansinghani@oag.ok.gov
David C. McSweeney; dmcsweeney@huntonak.com

Attorneys for Defendants:
Arwyn Carroll; arwyn.carroll@usdoj.gov

s/ R. Daniel Carter
R. Daniel Carter

18

## APPENDIX OF EXHIBITS

Filed separately with this motion are the following are exhibits filed in support of the "Motion of the Muscogee (Creek) Nation for Limited Intervention and Brief in Support."

**Exhibit**          **Title**

1.              Proposed Motion of the Muscogee (Creek) Nation to Dismiss for
                Failure to Join a Required Party and Brief in Support