# **Exhibit 1**

June 17, 2021 Letter to ODM

Case 5:21-cv-00719-F   Document 34-1   Filed 09/15/21   Page 2 of 4



# United States Department of the Interior

**OFFICE OF SURFACE MINING
RECLAMATION AND ENFORCEMENT**
Washington, D.C. 20240

June 17, 2021

Kenneth E. Wagner, Secretary
Oklahoma Energy and Environment
204 N. Robinson, Suite 1010
Oklahoma City, OK

Dear Secretary Wagner:

I am contacting you regarding Oklahoma's administration of the Oklahoma permanent regulatory program approved in accordance with the Surface Mining Control and Reclamation Act of 1977 (SMCRA) following several Oklahoma state court rulings. Those rulings held that the historic Cherokee Nation of Oklahoma (Cherokee) and Choctaw Nation of Oklahoma (Choctaw) Reservations had not been disestablished. *See Hogner v. Oklahoma*, 2021 WL 958412, at *6 (Okla. Ct. Crim. App. March 11, 2021) (Cherokee Nation Reservation); *Sizemore v. Oklahoma*, 2021 WL 1231493 (Okla. Crim. App. April. 1, 2021) (Choctaw Nation Reservation). I am now notifying you that SMCRA prohibits the Oklahoma Department of Mines (ODM) from exercising regulatory authority over surface coal mining and reclamation operations on lands that are within the exterior boundaries of the Cherokee Nation and Choctaw Nation Reservations.

The decisions in *Hogner* and *Sizemore* both rely on the rationale of the United States Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). Following *McGirt*, OSMRE evaluated Oklahoma's implementation of its approved regulatory program to identify any inconsistency with the *McGirt* decision. On April 2, 2021, OSMRE notified you that SMCRA prohibits ODM from exercising its State program regulatory authority over surface coal mining and reclamation operations on lands that are within the exterior boundaries of the Muscogee (Creek) Nation Reservation.

As explained in OSMRE's April 2, 2021 letter, SMCRA allows a State to achieve the primary responsibility (i.e., "primacy") for the regulation of surface coal mining and reclamation operations on non-Federal, non-Indian lands within its boundaries. A State may achieve primacy when it submits and receives approval of its permanent regulatory program from OSMRE. 30 U.S.C. § 1253. The State of Oklahoma received conditional approval of its regulatory program on January 19, 1981, and full approval of the program on January 14, 1986. A State with primacy may also enter into a cooperative agreement with OSMRE to regulate Federal lands within its boundaries. 30 U.S.C. § 1273. However, a cooperative agreement does not grant a State regulatory authority over Indian lands within its boundaries. SMCRA designates OSMRE

as the sole regulatory authority over surface coal mining and reclamation operations on Indian lands where a tribe has not obtained primacy. 30 U.S.C. §§ 1291, 1300. SMCRA defines "Indian lands" as "*all lands*, including mineral interests, *within the exterior boundaries of any Federal Indian reservation*, notwithstanding the issuance of any patent, and including rights-of-way, *and* all lands including mineral interests held in trust for or supervised by an Indian tribe." 30 U.S.C. § 1291(9) (emphasis added). Likewise, SMCRA excludes Indian lands from lands that can be regulated by a State program. *See, e.g.*, 30 U.S.C. §§ 1291(9), (11), (25).

Although *McGirt* expressly recognized the on-going existence of only the Muscogee (Creek) Nation Reservation, in *Hogner* and *Sizemore*, the Oklahoma Court of Criminal Appeals examined the relevant treaties and Congressional acts and applied *McGirt* to conclude that the Cherokee Nation and Choctaw Nation Reservations had not been disestablished. The U.S. Department of Justice subsequently recognized that the Cherokee Nation and Choctaw Reservations had not been disestablished and has determined that the United States has criminal jurisdiction over major crimes committed within the boundaries of these reservations. Thus, because the Cherokee Nation and Choctaw Nation Reservations were not disestablished, they constitute "Indian lands" as defined by SMCRA. SMCRA, therefore, prohibits the State of Oklahoma from exercising jurisdiction over surface coal mining and reclamation operations within the exterior boundaries of these reservations. *See* 30 U.S.C. §§ 1291(9), 1291(11), 1291(25), 1300.[1] Thus, the State of Oklahoma may no longer administer a SMCRA regulatory program on lands within the exterior boundaries of the Cherokee Nation and Choctaw Nation Reservations.

For lands within the exterior boundaries of the Choctaw Nation and Cherokee Nation Reservations, OSMRE is now the SMCRA Title V regulatory authority. However, we recognize that an orderly transition is necessary to maintain regulatory continuity. Thus, we request that ODM coordinate with Regional Director Al Clayborne and Tulsa Field Office Director Joe Maki to transfer all SMCRA regulatory authority responsibilities within the exterior boundaries of the Cherokee Nation and Choctaw Nation Reservations to OSMRE on or around 30 days of your receipt of this letter. This coordination should include, *inter alia*, development of a process for transferring all ODM records, documents, data, and other information associated with the regulation of activities under SMCRA within the exterior boundaries of the Cherokee Nation and Choctaw Nation Reservations.

At present and to the extent permitted by law, ODM should maintain its routine administrative, inspection, and enforcement responsibilities, except that **ODM should not undertake any action with irreversible or irreparable adverse consequences for OSMRE's abilities to administer SMCRA within the boundaries of the Cherokee Nation and Choctaw Nation Reservations, including but not limited to approving permitting actions and releasing, revoking, or forfeiting bonds.** Such actions may constitute a violation of SMCRA, its implementing regulations, and other applicable law. The Department is prepared to exercise all options at its disposal to ensure OSMRE may properly regulate surface coal mining and reclamation operations within the Cherokee Nation and Choctaw Nation Reservations.

---

[1] Enclosed is a copy of the Department's response to former Oklahoma Attorney General Hunter's April 16, 2021 letter to OSMRE regarding SMCRA's application to the Muscogee (Creek) Nation Reservation.

Mr. Maki will be in contact with ODM Director Mary Ann Pritchard to coordinate the transition process, to secure related records, and to execute other necessary requirements during the 30-day transition period.

If you have questions, please contact Regional Director Al Clayborne at aclayborne@osmre.gov.

Sincerely,

Glenda H. Owens
Deputy Director

cc:     Alfred Clayborne
        OSMRE - Regional Director

        Joseph Maki
        OSMRE - Tulsa Field Office Director

        Mary Ann Pritchard
        ODM - Director