# **Exhibit 5**
# Declaration of Yolande Norman-Moore

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA, *et al.*,

    Plaintiffs,

v.

    Case No. CIV-21-0719-F

UNITED STATES DEPARTMENT OF
THE INTERIOR, *et al.*,

    Defendants

## DECLARATION OF YOLANDE NORMAN-MOORE

I, Yolande Norman-Moore, hereby declare as follows:

1. I am over 18 years of age, competent to testify in this case, and have personal knowledge of the matters discussed in this declaration.

2. I am the Chief of the Reclamation Support Directorate for the Office of Surface Mining and Reclamation Enforcement (OSMRE) in Washington, DC.

3. Title IV of the Surface Mining Control and Reclamation Act of 1977 (SMCRA) established the Abandoned Mine Land (AML) Reclamation Program that is administered by OSMRE. SMCRA also authorized the creation of the Abandoned Mine Reclamation Fund, which has been the primary source of monies used to reclaim the land and water affected by the legacy of coal mining.

4. In the early years of SMCRA's AML Reclamation Program, the Federal Reclamation Program (FRP) was the primary program that reclaimed or abated AML hazards at emergency and high priority sites (i.e., sites where coal mining practices may adversely affect public health and safety or pose extreme danger to the protection of public health, safety, and property) in all States and Indian lands. However, the role of the FRP changed as States and Indian tribes assumed primacy for their AML programs. In Fiscal Year 2011, OSMRE delegated full responsibility to States and Indian tribes with approved AML programs to conduct their own emergency abatement, which ended the FRP's emergency abatement role in AML primacy States.

5. After Fiscal Year 2011 and continuing to the present, the FRP continues to perform emergency and non-emergency (i.e., high priority) reclamation projects in States and on Indian lands without approved State Reclamation Plans (i.e., without AML program primacy). Currently, as part of the FRP, OSMRE's regional offices oversee reclamation or abatement of AML issues in 10 States with historical coal mining that do not have AML program primacy: California, Georgia, Idaho, Massachusetts, Michigan, North Carolina, Oregon, Rhode Island, South Dakota, and Washington. In addition, through the FRP, OSMRE manages AML issues that arise on Indian lands other than those of the Crow Tribe, Hopi Tribe, and the Navajo Nation.

6. OSMRE's FRP still addresses high priority coal AML problems in States and on Indian lands without AML program primacy. OSMRE can use the FRP to conduct any necessary emergency reclamation on Indian lands in Oklahoma immediately.

7. For the last five years, OSMRE has reclaimed a number of emergency projects in States and on Indian lands without AML program primacy. Over that same period, OSMRE has reclaimed over a dozen non-emergency projects in States and Indian lands without AML program primacy.

8. OSMRE Directive AML-4 provides guidance and outlines responsibilities when OSMRE investigates and conducts FRP emergency and/or high priority projects in States and on Indian lands without program primacy. OSMRE, through the FRP, is responsible for ensuring that identified AML problems that develop in States and on Indian lands without program primacy are addressed to mitigate impacts from hazards while assuring the safety and protection of the public and the environment. All information on FRP projects for abatement is maintained in the national computer database system that is referred to as the Abandoned Mine Land Inventory System (e-AMLIS).

9. Until Fiscal Year 2022, which begins on October 1, 2021, Fiscal Year 2011 was the last year that OSMRE requested and received dedicated funding for the FRP. Since that time, OSMRE has used carryover funds from the Fiscal Year 2011 Congressional AML Fund appropriation to support the necessary funding to continue with FRP work (both emergency and high-priority projects).

10. In the FY 2022 Budget Justification (Greenbook), OSMRE requested $176,671,000 for Environmental Restoration, which includes $785,000 to support Federal emergency projects in States and on Indian lands without an approved AML program and $1.17 million to expand the FRP to cover Indian lands in Oklahoma. OSMRE retains the flexibility to determine how much of the appropriated Environmental

Restoration funding can be reassigned/reallocated to the FRP should the need arise for more funding.

11. OSMRE has a well-established FRP and standard operating procedures to address emergencies and high priority AML issues, such as those that might arise on Indian lands in Oklahoma. Contractors that previously performed work with the State of Oklahoma could bid for reclamation contracts solicited by OSMRE, as could Tribal reclamation contractors and contractors from other States.

12. If OSMRE is required by the Court to provide AML grant funding to Oklahoma, Oklahoma will need to return any unobligated and unspent monies and terminate all contractual obligations to allow for the recoupment and return of the Federal AML monies should the Court ultimately find in the Federal government's favor.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 14th day of September, 2021.

_[signature]_

YOLANDE NORMAN-MOORE