# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, et al., *Plaintiffs*, v. UNITED STATES DEPARTMENT OF THE INTERIOR, et al., *Defendants*. | Civil Action No: CIV-21-719-F |

## STIPULATION REGARDING WITHDRAWAL OF FEDERAL DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION AND BRIEF IN SUPPORT

Plaintiffs the State of Oklahoma, Kevin Stitt, in his official capacity as Governor of Oklahoma, Oklahoma Department of Mines ("ODM"), and Oklahoma Conservation Commission ("OCC") (together, "Plaintiffs"), and Federal Defendants the United States Department of the Interior, Debra Haaland, in her official capacity as Secretary of the Interior, the Office of Surface Mining Reclamation and Enforcement ("OSMRE"), and Glenda Owens, in her official capacity as Deputy Director of OSMRE (together "Federal Defendants," and collectively with Plaintiffs, the "Parties"), hereby stipulate and agree as follows:

**WHEREAS** Plaintiffs initiated the above-captioned action against Federal Defendants on July 16, 2021 relating to Oklahoma's jurisdiction to regulate surface coal mining and reclamation operations within the historic lands of the Muscogee (Creek)

Nation[1] pursuant to the Surface Mining Control and Reclamation Act of 1977 ("SMCRA") (ECF Nos. 1 and 77);

**WHEREAS** Federal Defendants filed counterclaims against Plaintiffs asserting OSMRE's sole jurisdiction to regulate surface coal mining and reclamation operations within the boundaries of the Muscogee (Creek) Nation, Cherokee Nation, and Choctaw Nation of Oklahoma Reservations pursuant to SMCRA (ECF Nos. 64 and 80);

**WHEREAS** Federal Defendants filed a Motion for Preliminary Injunction and Brief in Support on December 13, 2021, on the basis of their counterclaims (ECF No. 71). In their Motion, Federal Defendants asked the Court to (1) enjoin Oklahoma from regulating surface coal mining and reclamation within the Muscogee (Creek) Nation, Cherokee Nation, and Choctaw Nation of Oklahoma Reservations; (2) enjoin Oklahoma from "engaging in any further releases, reductions, or forfeitures of any bonds covering surface coal mining operations" within the Muscogee (Creek) Nation, Cherokee Nation, and Choctaw Nation of Oklahoma Reservations; and (3) require Plaintiffs "to secure original or complete copies of all digital and hard-copy records relating to surface coal mining" within the Muscogee (Creek) Nation, Cherokee Nation, and Choctaw Nation of

---

[1] The Parties use the phrases "historic lands" and "Reservations" interchangeably throughout the Stipulation to refer to the same lands. The Parties disagree regarding whether the historic lands of the Muscogee (Creek) Nation, Cherokee Nation, and Choctaw Nation of Oklahoma are "Indian lands," as defined by SMCRA, 30 U.S.C. § 1291(9). By entering into this Stipulation, the Parties do not waive any arguments regarding the status of those lands, and Federal Defendants make no concessions about the status of the Muscogee (Creek) Nation, Cherokee Nation, and Choctaw Nation of Oklahoma Reservations.

Oklahoma Reservations, and "provide them to OSMRE within a reasonable time." *Id.* at 25.

**WHEREAS** the deadline for Plaintiffs to respond to Federal Defendants' Motion for Preliminary Injunction and Brief in Support is February 28, 2022;

**WHEREAS** the Parties seek to move forward to summary judgment briefing in this case and in the related case, *Oklahoma v. U.S. Department of the Interior*, No. Civ-21-0805-F (W.D. Okla. filed Aug. 16, 2021) ("*Oklahoma II*"), without the need for further briefing on Defendants' Motion for Preliminary Injunction, and without prejudicing the interests the United States has sought to protect with its Motion for Preliminary Injunction (ECF No. 71);

**NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

1. Federal Defendants' Motion for Preliminary Injunction and Brief in Support (ECF No. 71) is hereby withdrawn, without prejudice.

2. The Parties shall meet and confer within 7 calendar days of the entry of this Stipulation regarding a proposed schedule for Federal Defendants to produce the administrative record and for summary judgment briefing in this case and in *Oklahoma II*. The Parties shall submit a proposed schedule to the Court within 7 calendar days of their meeting.

3. ODM represents that as of December 31, 2021, ODM has ceased all operations related to the implementation and enforcement of its SMCRA Title V Regulatory Program, codified in the Oklahoma Coal Reclamation Acts of 1978-79

3

("OCRA"), Okla. Stat. tit. 45, §§ 742.1 *et seq.*, and its implementing regulations, Okla. Admin. Code §§ 460:20-1-1 *et seq.*, within the historic lands of the Muscogee (Creek) Nation, Cherokee Nation, and Choctaw Nation of Oklahoma.  This includes the cessation of the following activities:  (1) enforcement actions pursuant to Okla. Admin. Code §§ 460:20-57 and 460:20-59; (2) permit issuance, revisions, renewals, and transfers pursuant to Okla. Admin. Code §§ 460:20-15, 460:20-17; and (3) actions related to performance bond reductions, releases, or forfeitures, pursuant to Okla. Admin. Code §§ 460:20-37.

4. ODM agrees that it will not take any further actions to operate its SMCRA Title V Regulatory Program within the historic lands of the Muscogee (Creek) Nation, Cherokee Nation, and Choctaw Nation of Oklahoma, as described in paragraph 3, during the pendency of this case and *Oklahoma II*, including during the pendency of any appeal(s).

5. The Parties agree that ODM and OSMRE will negotiate in good faith to develop and implement a protocol pursuant to which ODM will assign to OSMRE all performance bonds, as defined in Okla. Stat. tit. 45, § 745.6 and Okla. Admin. Code §§ 460:20-37-1 *et seq.*, for operations located within the historic lands of the Muscogee (Creek) Nation, Cherokee Nation, and Choctaw Nation of Oklahoma.  The Parties agree that the protocol developed by the Parties will include a mechanism pursuant to which OSMRE shall re-assign the performance bonds to ODM in the event that Plaintiffs prevail on their claims asserting SMCRA jurisdiction in this litigation at the conclusion of this case and *Oklahoma II*, including during the pendency of any appeal(s).

6. The Parties agree that ODM and OSMRE will negotiate in good faith to develop and implement a protocol for ODM to (1) transfer to OSMRE all performance bond funds forfeited pursuant to Okla. Admin. Code § 460:20-37-16, for operations located within the historic lands of the Muscogee (Creek) Nation, Cherokee Nation, and Choctaw Nation of Oklahoma that are in Oklahoma's possession, custody, or control, including all performance bond funds forfeited in connection with Georges Colliers, Inc.'s Pollyanna 2 Mine; or (2) take some other action acceptable to OSMRE with respect to those funds to ensure that they can be used by OSMRE for the appropriate reclamation.  The Parties agree that the protocol developed by the Parties will include a mechanism pursuant to which OSMRE will return to ODM any forfeited performance bond funds that ODM transfers to OSMRE, which OSMRE has not expended for reclamation purposes pursuant to SMCRA, in the event that Plaintiffs prevail on their claims asserting SMCRA jurisdiction in this litigation at the conclusion of this case and *Oklahoma II*, including during the pendency of any appeal(s).

7. The Parties agree that ODM and OCC will provide OSMRE with inventories of all equipment, as that term is defined in 2 C.F.R. § 200.1, purchased with federal funding pursuant to SMCRA, including the current status or disposition of the equipment, within 30 days of the entry of this Stipulation.

8. The Parties agree that ODM and OCC will continue to work with OSMRE to identify and transfer to OSMRE all records, documentation, data, and other information (the "Records") related to the historic lands of the Muscogee (Creek) Nation, Cherokee Nation, and Choctaw Nation of Oklahoma maintained by ODM or OCC as part of

5

Oklahoma's SMCRA Title V Regulatory Program and Title IV Abandoned Mine Land ("AML") Reclamation Program, and which ODM and OCC have not already provided to OSMRE. The Parties agree that ODM and OCC shall not be required to provide the duplicate of any Record unless required to do so by law. If Records exist in electronic format only, or exist electronically as compilations or databases of data drawn from other Records, ODM and OCC agree to provide the Records in electronic format or make the Records available to OSMRE for transfer. The Parties agree to negotiate in good faith regarding the timing for the transfer of any such Records.

9.  ODM and OCC reserve the right to request reimbursement for any reasonable costs or expenses incurred by ODM or OCC related to the operation of Oklahoma's SMCRA Title V and Title IV Programs within the historic lands of the Muscogee (Creek) Nation, Cherokee Nation, and Choctaw Nation of Oklahoma, including, but not limited to, the reasonable costs and expenses incurred by ODM or OCC on or after April 2, 2021. Consistent with the Federal Defendants' obligations under federal law, including SMCRA, the APA, and the Anti-Deficiency Act, Federal Defendants do not take any position on any such requests, should they be submitted. The Parties agree to engage in good faith discussions regarding any such requests, and nothing in this paragraph shall replace or supersede OSMRE's obligation to follow federal laws and regulations.

10. The Parties agree that OCC and OSMRE will negotiate in good faith regarding the ongoing management and administration of existing active Rights-of-Entry for AML Reclamation Projects within the historic lands of the Muscogee (Creek) Nation,

Cherokee Nation, and Choctaw Nation of Oklahoma, including the opportunity for OCC to request and receive reimbursement for reasonable costs and expenses incurred by OCC.

11.    The Parties reserve all rights relating to the issues set forth in this Stipulation and any other issues related to this case or *Oklahoma II*. In addition, nothing in this Stipulation, nor any action taken by the Parties to carry out the terms of the Stipulation, shall be deemed an admission of any fact or as to any liability in this case or in *Oklahoma II*. All rights of the Parties are expressly reserved.

12.    No provision of this Stipulation shall be interpreted as, or constitute, a commitment or requirement that Federal Defendants take action in contravention of SMCRA, the APA, the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation. Nor shall any provision of this Stipulation replace or supersede Oklahoma's obligations to comply with Federal laws and regulations governing Federal grants, including but not limited to 2 C.F.R. § 200.344.

13.    The Parties agree that they will meet and confer in good faith to resolve any dispute arising out of or relating to this Stipulation.

**STIPULATED AND AGREED TO BY:**

| | |
|---|---|
| s/ Arwyn Carroll (with permission) | s/ Elbert Lin |
| Jean E. Williams | Mithun Mansinghani |
| *Deputy Assistant Attorney General* | *Solicitor General* |
| United States Department of Justice | Bryan Cleveland |
| Environment and Natural Resources Div. | *Assistant Solicitor General* |

Arwyn Carroll
*Trial Attorney, Natural Resources Section*
Massachusetts Bar No. 675926
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: 202-305-0465
Fax: 202-305-0506
arwyn.carroll@usdoj.gov

Clare Boronow
*Trial Attorney, Natural Resources Section*
Admitted to Maryland Bar
999 18th St.
South Terrace, Suite 370
Denver, CO 80202
Phone: 303-844-1362
Fax: 303-844-1350
clare.boronow@usdoj.gov

*Counsel for Federal Defendants*

Jennifer Lewis
 *Assistant Attorney General*
OKLAHOMA OFFICE OF THE ATTORNEY GENERAL
313 NE 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Mithun.mansinghani@oag.ok.gov

Elbert Lin (*Pro Hac Vice*)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Building
951 East Byrd Street
Richmond, VA 23219
Phone: (804) 788-7202
elin@HuntonAK.com

Matthew Z. Leopold (*Pro Hac Vice*)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (808) 955-1500
mleopold@HuntonAK.com

David C. McSweeney
(OK Bar No. 31320)
(*Pro Hac Vice*)
HUNTON ANDREWS KURTH LLP
60 State Street, Suite 2400
Boston, MA 02109
Phone: (617) 648-2800
dmcsweeney@HuntonAK.com

Melissa A. Romanzo (*Pro Hac Vice*)
HUNTON ANDREWS KURTH LLP
One South at the Plaza, Suite 3500
101 South Tryon Street
Charlotte, NC 28280
Phone: (704) 378-4700
mromanzo@HuntonAK.com

*Counsel for Plaintiffs*

        Ryan Leonard
        EDINGER, LEONARD & BLAKLEY, PLLC
        6301 North Western Avenue, Suite 250
        Oklahoma City, OK 73118
        Phone: (405) 367-0555
        Rleonard@elbattorneys.com

        Trevor S. Pemberton
        2300 North Lincoln Boulevard
        Oklahoma City, OK 73105
        Phone: (405) 521-2058
        Trevor.pemberton@gov.ok.gov

*Counsel for Kevin Stitt, in his official capacity as Governor of Oklahoma*